PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) has recommended that the committee and The Florida Bar be authorized to make a revision to Florida Standard Jury Instructions (Civil). The proposed revision is a new note on use to SJI 3.1, Preemptive Charges, Issues Arising on Claims, as follows:
Add the following note on use of 3.1a immediately following “(skip to charge 3.5 on negligence issues)” at 3.1 page 1:

Note on use of 3.1a

This preemptive charge is not for use routinely, but only when reasonable care standard was contested before the jury, as by a 3.2 issue now to be withdrawn as a matter of law. In that event 3.1a properly emphasizes reasonable care as *430 embodied in 3.5 or 3.8 and 4.1. Otherwise it is argumentative. See General Note on Use, p. xvi, notes on use of 3.1, 3.8.
Delete the existing comment on 3.1c, obsolete by amendment of Model Charge No. 3 in 6/79.
The committee has suggested that preemptive charge 3.1a is frequently requested by and given for plaintiffs in ordinary negligence trials even though there is no defense evidence or argument before the jury disputing the reasonable care standard and requiring judicial “preemption” of that confusing nonissue. Certain district court of appeal decisions are said to support the routine practice of charging the jury in the terms of 3.1a, i.e., that “the court has determined and now instructs you, as a matter of law, that the circumstances at the time and place of the incident complained of were such that defendant had a duty to use reasonable care for plaintiffs safety.” That routine practice, argumentatively reinforcing the conventional issues charge on negligence, e.g., 3.5a, is a significant departure from “the theory and technique of charging civil juries as recommended by the Committee” (this Court’s order of April 19, 1967, published at page v of the book).
The committee suggests that, because the 1967 Notes on Use were not entirely clear, this clarification is necessary and would direct practitioners and trial judges back to the original concept of not charging the jury on nonissues.
We agree with the rationale and approve the amended note set out above. In doing so we do not disturb any decision of a trial or appellate court which required or authorized the routine giving of preemptive charge 3.1a.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, MCDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.